UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RITA BRUEGER O/B/O
NANCY ELLEN BRUEGER,

      Plaintiff,

v.                               CASE NO. 8:14-cv-3225-T-30MAP

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), Plaintiff, on behalf of her deceased daughter, Nancy Ellen Brueger, seeks review of the Commissioner's decision denying her daughter's claim for a period of disability and disability insurance benefits (DIB) asserting a number of errors.[1] All her claims can be distilled into one question: Did the Administrative Law Judge (ALJ) support his decision with substantial evidence at step four of the sequential analysis in accordance with the regulatory demands? I conclude the answer is no and recommend the case be remanded for further administrative proceedings.

*A. Background*

Brueger filed for a period of disability and DIB on August 24, 2010, alleging her

---

[1] These include: (1) failing to evaluate the effect of each and every impairment alleged, (2) failing to accord substantial weight to the opinions of treating physicians, (3) failing to state the weight accorded each item of impairment evidence, (4) failing to consider the duties of Brueger's past relevant work, and (5) failing to articulate adequate reasons that Brueger's subjective complaints were not credible.

disability began that day.[2]  Brueger had a bachelor's degree in counseling and work experience as a case manager and substance abuse counselor.  She alleged disability as a result of liver cirrhosis, hepatitis C, rheumatoid arthritis, depression, and anxiety.  The ALJ determined all but her mental impairments were severe; yet, none of her impairments, either singly or in combination prevented her returning to her former work as a case manager.  Notably, the ALJ discounted her testimony about persistent fatigue, confusion, anxiety, depression, and frequent gastrointestinal issues.  Brueger appealed and the Appeals Council denied review.  Brueger then filed an appeal in this Court (doc. 1); subsequently, she passed away (January 2015) and her mother substituted for her as Plaintiff (doc. 5).

   B.  *Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 404.1520.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 404.1520(a).  Under this process, the Secretary must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and

---

[2] My reference to "Brueger" is obviously to the deceased Claimant.

whether the claimant can perform her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 CFR § 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports them. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064 (11th Cir. 1994). A court may not reweigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F. 3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

C. Discussion

The ALJ must look for substantial evidence using particular perspectives. The opinions of treating physicians are to be accorded substantial or considerable weight unless good cause warrants otherwise. 20 C.F.R. § 404.1527(c)(1); *Lamb v. Bowen,* 847 F.2d 698, 702 (11th Cir. 1988). And if that source is a specialist in the medical matters at issue (like

3

a gastroenterologist treating liver disease), his or her opinion is entitled to even more weight. 20 C.F.R. § 404.1527(c)(5). When considering the evidence, the ALJ must look at it reasonably (20 C.F.R. § 404.1520b); in other words, the ALJ cannot arbitrarily "pick and choose" facts to support the desired result and ignore others that dictate a different outcome. *McCruter v. Bowen,* 791 F.2d 1544, 1548 (11th Cir. 1986). And when it comes to evaluating pain testimony (or testimony about fatigue, malaise, anxiety, depression, etc.), the ALJ is required to consider the claimant's evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. 20 C.F.R. § 404.1529; *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995). Included within the array of factors for evaluating the claimant's symptomatology and whether she possesses the residual functional capacity to perform the exertional and nonexertional demands of her prior relevant work are the side effects of the medication she takes. 20 C.F.R. §§ 404.1529(c)(3)(iv), 404.1569a. The ALJ erred by failing to abide by this regulatory framework.

  First, the ALJ failed to accord substantial or considerable weight to Brueger's gastroenterologist's opinion and did not give good cause for doing so. Good cause for disregarding a treating physician's opinion "exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citation omitted). Here, Brueger's gastroenterologist, Dr. Laffer, completed an Attending Physician Statement in which he stated Brueger was unable to perform her job duties due to her hepatic encephalopathy (R. 1233-37). The ALJ discounted Dr. Laffer's opinion on the basis that it was "vague" and did not provide specific functional limitations (R. 32). However, Dr. Laffer wrote that Brueger was limited in her "difficulty with memory," confusion, and fatigue (R. 1236). Accordingly, the ALJ's conclusion is not supported by substantial evidence. On remand, the ALJ is instructed to give proper weight to Dr. Laffer's opinions.

Second, rather than properly considering Brueger's impairments, the ALJ picked and chose evidence to discredit her impairments. Brueger's complications from Hepatitis C were more severe than the ALJ indicated. Contrary to the ALJ's conclusion that Brueger had "infrequent diarrhea" and "occasional abdominal pain," she consistently complained of gastrointestinal issues (R. 661, 719, 798, 1168), which eventually evolved into diarrhea multiple times per day (R. 60, 1177, 1180, 1349, 1350). Moreover, while the ALJ correctly noted that Brueger had mild portal systemic encephalopathy (R. 661, 669, 1222), the ALJ ignored all instances where Brueger and her physicians noted confusion, memory loss, stuttering, and slurred speech (R. 671, 1066, 1129, 1221, 1353).

Additionally, the record shows that Brueger suffered from depression and anxiety throughout the relevant time period. The ALJ gave significant weight to a November 2010 mental status examination (R. 29). However, the record shows that Brueger's depression worsened in January 2011 (R. 741), when Dr. Wahler suggested she see a psychiatrist (R.

5

743) In October 2011, her psychiatrist stated Brueger had "passive suicidal idealation" and was "extremely depressed" following her health decline (R. 1066-67). Over the next few months, Brueger's psychiatrist noted that, Brueger was "up and down," "sad," and "irritable" (R. 1114, 1115, 1117). At one point, the office was so concerned about Brueger, they asked the police to check on her (R. 1115, 1131). The psychiatrist also noted that, despite Brueger denying that she was depressed in December 2011, she was "sad and tearful" during the visit (R. 1117). As the ALJ observed, Brueger again reported she was not depressed in January 2012 (R. 1113). However, the ALJ failed to note that Dr. Levine stated on February 28, 2012, that Brueger remained depressed (R. 1221). And, during visits to her psychiatrist in April, June, and July 2012, Brueger continued to report to her psychiatrist that she was somewhat depressed and anxious (R. 1348, 1349, 1350). Because the ALJ did not consider all the evidence concerning Brueger's depression, anxiety, and the complications of her liver disease, the Court cannot conclude that the ALJ's decision is supported by substantial evidence, and the case must be remanded for proper consideration of the entire record.

The ALJ also erred by failing to consider the side effects of Brueger's medications when determining her RFC. Specifically, the record reflects that Brueger took Interferon, which causes –among other symptoms – fatigue and headaches (R. 462).[3] However, despite

---

[3] *See* Peginterferon Alfa-2b (PEG-Intron), U.S. National Library of Medicine, https://www.nlm.nih.gov/medlineplus/druginfo/meds/a605030.html (last accessed Jan. 22, 2016). The side effects of Peginterferon alfa-2b include nausea, vomiting, loss of appetite, diarrhea, constipation, heartburn, weight loss, headache, dizziness, confusion, hair loss, itching, difficulty concentrating, feeling cold or hot, changes to skin, dry mouth, sweating, runny nose, difficulty falling asleep or staying asleep, and worsening of mental illness.

the fact that there is objective medical evidence confirming the severity of the fatigue and pain, the ALJ discredited Brueger's testimony concerning these side effects and the associated limitations on her ability to work (R. 30-31). Doing so was improper. On remand, the ALJ must consider the limitations resulting from the side effects of Brueger's medications.

Finally, Brueger reported that her past relevant work experience as a case manager and substance abuse counselor required organization, professionalism, and patience, and involved daily interaction counseling others (R. 177-78). Other than incorrectly noting that Brueger exhibited "no indication of decreased social or cognitive function,"[4] (R. 29), the ALJ failed to consider whether Brueger's mental and psychological conditions allowed her to continue to work in these positions. The ALJ mentioned Brueger's "mild hepatic encephalopathy" (R. 31) but failed to consider how that condition, as well as Brueger's confusion, memory loss, stuttering, and slurred speech (R. 671, 952, 1066, 1129, 1221, 1353), would affect Brueger's ability to fulfill her job duties. And, when determining RFC, the ALJ failed to discuss Brueger's depression and anxiety. The record reflects that Brueger was aware that she was dying as a result of her liver disease (R. 1115, 1117). At different times, she was "up and down," "sad," and "irritable" (R. 1114, 1115, 1117), and had "passive suicidal idealation" (R. 1066-67). However, it appears the ALJ did not consider the effects

---

[4] In fact, Dr. Green, whose report the ALJ cites in reaching this conclusion, noted that Brueger had some difficulties in maintaining social functioning and concentration (R. 692).

7

of Brueger's depression or her anxiety when determining that Brueger was able to work as a case manager or substance abuse counselor. On remand, the ALJ must consider the physical, mental, sensory, and other demands of her past relevant work.

Because I find remand is appropriate, it is unnecessary to address Plaintiff's remaining contentions.

*D. Conclusion*

For the reasons stated, I recommend that judgment be entered for the Plaintiff and the matter remanded for further administrative proceedings consistent with this report.

IT IS SO REPORTED at Tampa, Florida on January 22, 2016.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.